IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAMBEZIA FILM PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-01724 |
| v. | ) | |
| | ) | |
| DOES 1-56, | ) | Honorable John W. Darrah |
| | ) | |
| Defendants. | ) | |

MOTION TO VACATE, MOTION QUASH AND MOTION TO SEVER
ON BEHALF OF JOHN DOE 45

COMES NOW Defendant John Doe 45, by and through counsel, and in support of his Motion to Vacate, Motion to Quash, and Motion to Sever/Dismiss shows the Court as follows:

I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff is a South African corporation allegedly formed for the purpose of making and distributing the animated children's film at issue in this matter. (Complaint ¶ 19). In February of 2013, Plaintiff made its first foray into the copyright trolling litigation business when it filed the first of a series of 49 identical lawsuits naming 1906 John Doe defendants in seven United States District Courts. As of the date of this filing, twelve of those lawsuits were pending in the Northern District of Illinois in which 555 John Doe defendants had been targeted. John Doe 45 is one of the 555 targets. The instant case was filed on March 6, 2013. [ECF No. 1]. On March 22, 2013, Plaintiff filed its motion for leave to take discovery prior to the 26(f) conference. [ECF No. 5, 6]. The motion was granted on March 28, 2013. [ECF No. 9].

II.     ARGUMENT

    A.    <u>The Court's Order Granting Early Discovery Should Be Vacated And The Subpoena Issued Pursuant To That Order Should Be Quashed</u>.

As in all swarm joinder cases, Plaintiff filed a motion for early discovery which, because all of the Defendants are John Does, was unopposed when the Court considered it. As noted above, that motion was granted in March of 2013. However, Plaintiff does not have good cause to conduct early discovery, and the Court's order granting Plaintiff's motion should be vacated.

The rise of so-called "copyright trolls" – plaintiffs who file multitudes of copyright suits solely to extort quick settlements – requires courts to ensure that the litigation process and their scarce resources are not being abused. *Purzel Video GmbH v. Does 1-161*, 1:13-cv-02504 (N.D. Ill. June 4, 2013)(Guzman, R.) *citing* Sean D. Karunaratne, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283 (Nov. 2012); James DeBriyn, *Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79 (Winter 2012).

    1.    <u>Plaintiff Has Failed To Show Good Cause Why It Should Be Permitted To Conduct Early Discovery And The Order Granting Plaintiff Leave To Conduct Early Discovery Should Be Vacated</u>.

A party must make a showing of good cause in order to conduct discovery prior to a 26(f) conference. In swarm joinder cases filed by copyright trolls, a showing of good cause is particularly important for several reasons. As noted by Judge Guzman in *Purzel*, the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer. *See In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-2995 (DRH) (GRB), 12-1147 (JS) (GRB), 12-1150 (LDW) (GRB), 12-1154 (ADS) (GRB), 2012 WL 1570766, at *3 (E.D.N.Y May 1, 2012) (because of the increasing use of wireless routers, by which one IP address can support multiple devices, the downloader could

be the subscriber's family member, friend, visitor, neighbor or even a passerby); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. Jan. 30, 2012) (noting the risk that "many of the names and addresses produced [by the ISP]… will not in fact be those of the [infringers]," given the estimate by "[p]laintiff's counsel…that 30% of the names turned over by the ISPs are not those of individuals who actually downloaded or shared copyrighted material"); *VPR Int'l v. Does 1-1017*, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) ("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

Plaintiff represented to the Court that Defendants committed copyright infringement by using on-line pseudonyms ("user names" or "network names"), and not their true names. [ECF No. 6, p. 2]. However, no such "user names" or "network names" have been provided to the Court to support this contention. Plaintiff has also represented to the Court that the only way it can identify Defendants is by issuing subpoenas to Defendant's Internet Service Providers ("ISPs"). [ECF No. 6, p. 2].

In support of its motion, Plaintiff filed the declaration of Darren M. Griffin, who purports to be a software consultant retained by Crystal Bay Corporation CBC, which provides forensic investigation services to copyright owners. [ECF No. 6-1]. Mr. Griffin's declaration is a cookie-cutter, generic declaration that contains no specific information about any of the John Does <u>or</u> the copyrighted work at issue in this matter.

The same declaration was filed in support of a motion for early discovery in *Zambezia Film Pty Ltd. v. Does 1-45*, 1:13-cv-01747 (N.D. Ill.). In that case, Judge Tharp denied Zambezia's motion for early discovery because he determined that he could not rely on Griffin's declaration. The declaration does not mention the name of the movie Griffin allegedly observed

3

the defendants unlawfully sharing, nor did it identify any IP address that Griffin observed. Instead, it referred to an attached exhibit containing a list of IP addresses. "It is apparent that the declaration – perhaps because it is a 'form' declaration designed to be used in numerous, simultaneous lawsuits – was not executed with the care necessary to ensure that the statements it contains are accurate. … In sum, there are many indications that Griffin's declaration may be unrealiable, and the Court will not rely on it. Therefore, Zambezia has not made the requisite showing to obtain early discovery, and its motion is denied without prejudice." *Zambezia*, 1:13-cv-01747 (N.D. Ill. June 3, 2013) (Tharp, J.)

In Zambezia's haste to obtain names of Internet service subscribers to leverage into settlements, they have cut some corners. A cookie-cutter declaration to which a list of IP addresses is attached seeking the names of subscribers who may likely not be the actual infringer simply does not meet the standard for good cause. That Plaintiff may otherwise be unable to identify the alleged infringers is unfortunate, but is not sufficient reason to lower the standard for conducting early discovery.

Plaintiff has not shown good cause for its early discovery. John Doe 45 respectfully requests that the Court enter an Order vacating its March 28, 2013 order granting Plaintiff's Motion for Leave to Conduct Early Discovery and enter an Order denying Plaintiff's motion.

    2.    <u>The Subpoena Seeking John Doe 45's Information Should Be Quashed Because It Seeks Irrelevant Information That Will Not Lead To The Identification Of An Actual Infringer</u>.

    a.    <u>John Doe 45 Has Standing To Challenge The Subpoena Issued To His ISP</u>.

A party has standing to challenge a third-party subpoena if there is a claim of privilege or the implication of a privacy interest. *Malibu Media v. Reynolds*, 1:12-cv-06672 [ECF No. 51 at 9] (N.D. Ill. Mar. 7, 2013). This Court has recognized the sufficiency of even a minimal privacy

interest for this purpose. *Sunlust Pictures, LLC v. Does 1-75*, 1:12-cv-1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2011). An internet subscriber's privacy interest in his identifying information held by an Internet Service Provider has also been acknowledged by Congress. *See, e.g.* 47 U.S.C. § 551, *as noted in Discount Video, Ctr. V. Does 1-29*, 2012 U.S. Dist. LEXIS 112518, 15 (D. Mass. Aug. 10, 2012).

John Doe 45 has a privacy interest acknowledged by law and has standing to challenge the subpoena issued to his ISP.

b. <u>The Subpoena Does Not Seek Relevant Information And Should Be Quashed</u>.

Discovery is only appropriate when the information sought is relevant. Fed. R. Civ. P. 26(b)(1). Information sought must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also, Williams v. Blagojevich*, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008). This is particularly true in a mass copyright matter such as the instant case because the person paying for Internet service, which is the information sought in Plaintiff's subpoena, may not be the purported infringer. *Malibu Media, LLC v. Reynolds*, 1:12-cv-06672 [ECF No. 51 at 13]. *See also VPR Internationale v. Does 1-1,017*, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011).

Discoverable information must relate to bringing copyright claims to trial. The only information Plaintiff wishes to harvest from the ISP is John Doe 45's identity. As acknowledged by this Court, the person paying the ISP provider's bill may well not be the infringer. It would not be a "reasonable calculation that the individuals connected to the subpoenaed IP addresses will have any discoverable information related to the current defendants." *Pacific Century Int'l. v. Does 1-37*, 282 F.R.D. 195 (N.D. Ill. Mar. 30, 2012).

5

Even if this Court were to determine that some of the information sought was discoverable, only the identity and address of the person paying the bill should be produced. The remainder of the information requested by Plaintiff does not bear on the claims in any manner and can only be used to annoy, harass and embarrass the defendants, including John Doe 45, into settlement.

John Doe 45 respectfully requests that the Court issue an Order quashing the subpoena issued to his ISP in this matter. If the Court denies John Doe 45's motion to quash, he respectfully requests entry of an Order limiting the information produced to his name and address.

  B. <u>Joinder Is Improper And John Doe 45 (As Well As All Defendants Other Than John Doe 1) Should Be Severed And Dismissed From This Action.</u>

Zambezia is part of an "outbreak of similar litigation…around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action. <u>See</u> *On The Cheap, LLC v. Does 1-5011*, No. C10-4472 BZ, 2011 WL 4018258 at *1 (N.D. Cal. Sept. 6, 2011) (published order). The plaintiffs in these cases argue that when each defendant is one of many users simultaneously uploading and downloading a protected work, the defendant acts as part of a "swarm" in a "series of transactions" involving "common questions of law or fact. (<u>See</u> Complaint ¶ 6-7). This practice is known as "swarm joinder," and it is the joinder theory relied upon by Plaintiff in this matter. Swarm joinder is disfavored and is under heavy scrutiny in this District due to the great potential for abuse.

1.  <u>Plaintiff Has Failed To Satisfy Any Standard By Which Its Swarm Joinder Theory Could Possibly Stand In This District.</u>

The swarm joinder theory has been considered by many district courts, the majority of which, including the Northern District of Illinois, have rejected or severely limited it. See *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 n.2 (N.D. Ill. Feb. 24, 2011)(Shadur, M.) ("It would constitute a real stretch of the normal meaning of language for [the plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into a single lawsuit."); *Malibu Media, LLC v. Reynolds, et al.*, 1:12-cv-06672 (N.D. Ill. March 7, 2013)(Kendall, V.)([I]n order to join multiple anonymous defendants in a single suit for copyright infringement based on the alleged use of the BitTorrent protocol, a plaintiff must either (1) establish that the defendants were simultaneously present in the same swarm, or (2) show that they accessed the swarm in close temporal proximity (within hours of one another, not days or weeks) such that it can plausibly be inferred that the defendants may have downloaded and uploaded content through the same series of transactions."); *Zambezia Film (Pty) Ltd. v. Does 1-33,* 1:13-cv-01323 and *Zambezia Film (Pty) Ltd. v. Does 1-60,* 1:13-cv-1741 (N.D. Ill. March 20, 2012) (Shadur, M.) ("[J]udges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm <u>at the same time as one another</u>. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all of the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all of the defendants were present in the same swarm at the same time. Such a time period would usually span hours rather than days or months."); *Purzel*

*Video GmbH v. Does 1-161*, 1:13-cv-02504 (N.D. Ill. June 4, 2013) (Guzman, R.); *On The Cheap*, 2011 WL 4018258, at *1 (gathering cases) (published order). See also *K-Beech, Inc. v. John Does 1-47*, 1:11-cv-02968-WSD (ECF No. 7) (N.D.Ga. Sept. 30, 2011).

According to the information relied upon by Plaintiff and its expert in support of its claims this "swarm" started on October 2, 2012 and lasted through December 31, 2012. [ECF No. 1-1]. The IP address assigned to John Doe 45 was allegedly detected by Plaintiff's expert in the act of uploading a portion of Plaintiff's copyrighted work on December 11, 2012. [ECF No. 1-1]. According to Plaintiff's chart, the Defendants in closest relation to John Doe 45 were noted to be uploading Plaintiff's work on December 5 and December 13, 2012.

Gaps of two and six days, rather than two and six hours, are simply too long to support swarm joinder under the standard announced by Judge Shadur, and acknowledged by Judge Guzman and others. Moreover, by Plaintiff's own evidence it is clear that they cannot prove that John Doe 45 exchanged any part of the work at issue with any other Defendant in this case. Joinder is improper, and John Doe 45 should be severed and dismissed from the case.

   3.   Severance Pursuant to Federal Rule Of Civil Procedure 21 Is Appropriate Because Plaintiff's Distortion Of The Joinder Rule Unfairly Burdens Defendants And The Court.

District courts have broad discretion to determine whether to sever. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2006). One of the many reasons swarm joinder is disfavored is that it distorts the joinder rule and places an undue burden on the court, and on defendants, by a party that does not fully pay its way, thereby overburdening the system in a calculated attempt to annex the courts as an arm of their collection operation without paying their fair share to access the courts. Joinder is intended to maximize efficiency and avoid waste of judicial resources as well as the resources of the parties. Swarm joinder in mass copyright cases

creates the opposite effect. *Malibu Media v. Reynolds*, 2013 WL 870618 at *15 (N.D. Ill.)(Kendall, V.) ("The individual issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through Plaintiff's mass-litigation strategy."); *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170 (CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) (stating that "[t]rying 245 separate cases in which 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable" and '[t]he only economy that litigating these cases as a single action would achieve is [the] economy to plaintiff…of not having to pay a separate filing fee for each action brought").

As of June 18, 2013, Zambezia had filed 49 separate lawsuits in seven United States District Courts alleging infringement of this film by 1906 John Doe defendants. The cost of filing 49 lawsuits was $17,150. However, had Zambezia paid the filing fee for each of the 1906 John Doe defendants, the filing fees would have totaled $667,100.

Zambezia currently has 12 cases pending in the Northern District of Illinois against 555 John Doe defendants. Zambezia paid $4,200 in filing fees for those 12 cases rather than the $194,250 it should have paid to sue 555 defendants individually. This is a calculated risk known to litigants like Zambezia. By the time a party objects or a court *sua sponte* denies a motion for early discovery[1], plaintiffs like Zambezia have already obtained the names and contact information for hundreds of targets and are already collecting thousands of dollars in settlements. This distortion of the joinder rule to avoid filing fees has been addressed by a number of District Courts, including this one. See *Zambezia Film (Pty) Ltd. v. Does 1-33*, 1:13-cv-1323 and *Zambezia Film (Pty) Ltd.,* 1:13-cv-1741 (noting that the court is familiar with swarm joinder copyright infringement litigation in which the plaintiff seeks to distort the joinder rule through its

---

[1] In one Northern District case, Zambezia's motion for early discovery was denied because of the lack of reliability of the expert affidavit supporting its motion. See *Zambezia Film Pty Ltd. v. Does 1-45*, 1:13-cv-01747 (N.D. Ill. June 3, 2013) (ECF No. 8)(Tharp, J.)

"inappropriate packaging of defendants", an approach that sought to proceed through payment of a single $350 filing fee, while separate suits against the 300 claimed infringers for their discrete infringements would have escalated that cost to $105,000.) (internal quotations omitted) (N.D. Ill. March 30, 2013) (Shadur M).

III. CONCLUSION

For the foregoing reasons, John Doe 45 respectfully requests that the Court enter an Order vacating its March 28, 2013 order granting Plaintiff leave to conduct early discovery, quashing the subpoena seeking John Doe 45's information, and severing and dismissing him from this action.

Respectfully submitted,

/s/ Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

CERTIFICATE OF SERVICE

The undersigned certifies that on June 19, 2013, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Erin Kathryn Russell