IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAMBEZIA FILM PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-01724 |
| v. | ) | |
| | ) | |
| DOES 1-56, | ) | Honorable John W. Darrah |
| | ) | |
| Defendants. | ) | |

REPLY IN SUPPORT OF MOTION TO VACATE, MOTION QUASH AND
MOTION TO SEVER ON BEHALF OF JOHN DOE 45

COMES NOW Defendant John Doe 45 (hereinafter "Movant"), by and through counsel, and in support of his Motion to Vacate, Motion to Quash, and Motion to Sever/Dismiss shows the Court as follows:

I.   INTRODUCTION

Plaintiff has failed to cite a single legal authority in support of its position that the Court should deny Movant's Motion to Vacate, Motion to Quash and Motion to Sever. Notably, Plaintiff did not directly deny that its intention is to obtain the identities of the John Doe Defendants, including Movant's identity, for the purpose of extracting settlements. Nor did Plaintiff address in any way the massive weight of authority in this District, and others, supporting the proposition that swarm joinder in cases such as this one is inappropriate.

Swarm joinder is a boondoggle. It is unfair to defendants and is a burden imposed on the court system by parties, such as Zambezia, who want to extract settlements from a large number of defendants by filing a relatively small number of lawsuits, without regard to merit, borrowing the authority of the federal courts to conduct early discovery without any real intention of

litigating their "claims", while simultaneously denying the courts many hundreds of thousands of dollars in filing fees.

I. ARGUMENT

    A. <u>Plaintiff Has Failed To Cite A Single Legal Precedent Opposing Movant's Position That Plaintiff Has Not And Cannot Show Good Cause Why It Should Be Permitted To Conduct Early Discovery And The Order Granting Plaintiff Leave To Conduct Early Discovery Should Be Vacated</u>.

It appears from Plaintiff's response brief that the Plaintiff would prefer to skip the analysis applied to early discovery and apply Rule 26 as if the early discovery standard did not need to be met. This is simply improper.

The standard for early discovery was recently addressed by this Court, in addition to the authority previously provided to the Court by Movant, in *Guava, LLC v. Does 1-5*, 1:12-cv-8000, [ECF No. 31]. In *Guava*, the Court held in pertinent part that:

> A party must make a showing of good cause in order to conduct discovery prior to a 26(f) conference. The Federal Rules of Civil Procedure allow parties to seek discovery of any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). A district court has extremely broad discretion in controlling discovery. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Expedited discovery is permissible in certain circumstances, but it is not the norm. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)." (internal quotations omitted).
>
> A plaintiff seeking expedited discovery bears the burden to make a *prima facie* showing of the need for expedited discovery. *Merrill Lynch*, 194 F.R.D. at 623. Furthermore, the courts "must also protect defendants from unfair expedited discovery." *Id.* Therefore, courts will employ a "good cause" standard in determining whether to authorize expedited discovery. *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). There may be good cause if "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Hard Drive Prods, Inc. v. Doe*, No. S-11-3074 KJM CKD, 2012 WL 90412, at *1 (E.D. Cal. Jan. 11, 2012) (internal citations and omitted). The court evaluates "the entirety of

> the record to date and the *reasonableness* of the request in light of all of the surrounding circumstances . . . ." *Merrill Lynch*, 194 F.R.D. at 624 (emphasis in original); *see also Ibarra v. City of Chi.,* 816 F. Supp. 2d 541, 554 (N.D. Ill.2011).

*Guava, LLC v. Does 1-5* at *4.

Despite Plaintiff's *ipse dixit* assurances that this method of conducting litigation and early discovery is permissible, this Court has held otherwise. As acknowledged by this Court, the person paying the ISP provider's bill may well not be the infringer. Moreover, it would not be a "reasonable calculation that the individuals connected to the subpoenaed IP addresses will have any discoverable information related to the current defendants." *Pacific Century Int'l. v. Does 1-37*, 282 F.R.D. 195 (N.D. Ill. Mar. 30, 2012).

Plaintiff has not shown good cause for its early discovery and has failed to address the good cause standard in its response. John Doe 45 respectfully requests that the Court enter an Order vacating its March 28, 2013 order granting Plaintiff's Motion for Leave to Conduct Early Discovery and enter an Order denying Plaintiff's motion.

  B. <u>The Subpoena Seeking John Doe 45's Information Should Be Quashed Because It Seeks Irrelevant Information That Will Not Lead To The Identification Of An Actual Infringer</u>.

Plaintiff has failed to respond with any authority opposing Movant's argument that the subpoena issued to his ISP does not seek relevant information, other than to acknowledge that the Movant may not be the actual infringer, and to suggest that Movant may have information about who that might be. As such, Plaintiff's argument appears to be that they acknowledge that the subscriber may well not be the infringer, but and if he isn't, it is fair to name him as a defendant in a federal lawsuit and draft him into service to assist Plaintiff in its efforts to locate other individuals from whom to extract settlements. The list of individuals and institutions being involuntarily drafted into Plaintiff's swarm joinder litigation endeavors continues to grow.

Plaintiff has failed to cite any authority supporting the propriety of issuing subpoenas in this case[1]. John Doe 45 respectfully requests that the Court issue an Order quashing the subpoena issued to his ISP in this matter.

C. Joinder Does Not Promote Judicial Or Any Other Type Of Economy In Swarm Joinder Cases Other Than Economy To Plaintiff In Avoiding The Payment Of Filing Fees.

Decisions from this District recognize that joining multiple Doe defendants in the same suit creates significant burdens on the courts, the Doe defendants, and non-party ISPs –everyone involved in a suit except the initiating plaintiff. E.g., *TCYK, LLC v. Does 1-28*, 2013 U.S. Dist. LEXIS 88401 (Guzman, J.) (stating that joinder of 28 Does would result in "inefficient, chaotic, and expensive" litigation). Indeed, as Judge Guzman observed, the efficiency-enhancing aim of Rule 20 is actually undermined by permitting joinder of numerous Doe defendants in a single suit, and the only efficiency created by such joinder is the "economy to plaintiff . . . of not having to pay a separate filing fee for each action brought." *TCYK*, 2013 U.S. Dist. LEXIS 88401, at *4 (quoting Digital Sins, Inc. v. John Does 1-245, No. 11-cv-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012)); see also *Lightspeed v. Does 1-1000*, 2011WL 8179131 (Manning, J.) ("The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy. According to the plaintiff, if joinder is not allowed, it would be required to file 1,000 different cases in which the judges might issue inconsistent rulings. But this issue goes to the plaintiff's interests, not the court's.".

As Movant noted in his Motion, as of June 18, 2013, Zambezia had filed 49 separate lawsuits in seven United States District Courts alleging infringement of this film by 1906 John

---

[1] Plaintiff appears to have conceded that Movant has standing, and has also conceded that Movant has relevant privacy interests, but that the Court should ignore those interests at this phase of the litigation. However, Plaintiff has failed to cite a single case supporting the proposition that the subpoena should not be quashed based on the arguments raised in Movant's Motion.

Doe defendants. The cost of filing 49 lawsuits was $17,150. However, had Zambezia paid the filing fee for each of the 1906 John Doe defendants, the filing fees would have totaled $667,100. This is the only economy of swarm joinder litigation.

Zambezia currently has 12 cases pending in the Northern District of Illinois against 555 John Doe defendants. Zambezia paid $4,200 in filing fees for those 12 cases rather than the $194,250 it should have paid to sue 555 defendants individually. By the time a party objects or a court *sua sponte* denies a motion for early discovery, plaintiffs like Zambezia have already obtained the names and contact information for hundreds of targets and are already collecting many thousands of dollars in settlements. This distortion of the joinder rule to avoid filing fees has been addressed by a number of District Courts, including this one. See *Zambezia Film (Pty) Ltd. v. Does 1-33*, 1:13-cv-1323 and *Zambezia Film (Pty) Ltd.,* 1:13-cv-1741 (noting that the court is familiar with swarm joinder copyright infringement litigation in which the plaintiff seeks to distort the joinder rule through its "inappropriate packaging of defendants", an approach that sought to proceed through payment of a single $350 filing fee, while separate suits against the 300 claimed infringers for their discrete infringements would have escalated that cost to $105,000.) (internal quotations omitted) (N.D. Ill. March 30, 2013) (Shadur, M.).

III. CONCLUSION

Plaintiff has failed to cite a single legal authority supporting its request that the Court deny Movant's Motion. For the foregoing reasons, John Doe 45 respectfully requests that the Court enter an Order vacating its March 28, 2013 order granting Plaintiff leave to conduct early discovery, quashing the subpoena seeking John Doe 45's information, and severing and dismissing him, and the remaining Defendants, from this action[2].

---

[2] This reply will be filed verbatim in a related case pending before the Honorable Amy J. St. Eve, *Zambezia v. Does 1-65*, 1:13-cv-01321. Plaintiff filed identical Complaints and identical motions for early discovery in both cases, and

Respectfully submitted,

/s/ Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60611
T: 312-994-2424
F: 312-706-7966
erin@russellgroupchicago.com
ARDC # 6287255

CERTIFICATE OF SERVICE

    The undersigned certifies that on August 6, 2013, she caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Erin Kathryn Russell

---

in the interest of actual judicial economy, the Movants in this matter and the matter before Judge St. Eve are raising the same arguments and presenting the same brief in both matters.