UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAMBEZIA FILM PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-1724 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| DOES 1-56, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant John Doe 45 has moved to quash or vacate the subpoena issued by Plaintiff to his Internet Service Provider ("ISP") and also has moved to sever. For the reasons discussed below, the Motion [12] is denied. The Court's March 28, 2013 Order, granting early discovery, however, is modified so that Plaintiff is entitled only to the Internet Protocol ("IP") account holders' names and mailing addresses of any of the Doe Defendants and shall dispose of, without using, any other identifying information, such as telephone numbers or email addresses, already received. Furthermore, Plaintiff shall not publish any of the Doe Defendants' identities without leave of this Court; and the actual names of the Doe Defendants shall not be used in any amended complaint or pleadings filed with this Court.

## STATEMENT

Plaintiff, Zambezia Film Pty Ltd., has brought this action for copyright infringement against fifty-six unnamed "John Doe" Defendants. Plaintiff, a South African corporation, alleges that the Defendants used the Internet file sharing protocol, BitTorrent, to unlawfully download and share Plaintiff's copyrighted animated children's film at issue in this matter. (Compl. ¶ 19). Plaintiff has filed multiple similar cases in the Northern District alone since February 2013. (*See, e.g.,* Nos. 1:13-cv-01321, *Zambezia Film Pty Ltd. v. Does 1-65*; 1:13-cv-01741, *Zambezia Film (Pty) Ltd. v. Does 1-60*; 1:13-cv-01748, *Zambezia Film Pty Ltd. v. John Does 1-31* ; 1:13-cv-01323, *Zambezia Film Pty Ltd. v. John Does 1-33*; 1:13-cv-01724, *Zambezia Film Pty Ltd. v. Does 1-56*; 1:13-cv-01742, *Zambezia Film Pty Ltd. v. John Does 1-60*; 1:13-cv-01743, *Zambezia Film Pty Ltd. v. John Does 1-13*; 1:13-cv-01744, *Zambezia Film Pty Ltd. v. John Does 1-60*; 1:13-cv-01745, *Zambezia Film Pty Ltd. v. John Does 1-60*; 1:13-cv-01746, *Zambezia Film Pty Ltd. v. John Does 1-58*; 1:13-cv-01747, *Zambezia Film Pty Ltd. v. Does 1-45*; 1:13-cv-01749*, Zambezia Film Pty Ltd. v. John Does 1-14*.) Plaintiff's allegedly popularly-downloaded film "tells the story of a young falcon bird who leaves the desolate desert where he lives with his father to discover action and adventure in the big city of Zambezia." http://en.wikipedia.org/wiki/Zambezia_(film) (last visited on September 19, 2013).

On March 28, 2013, Plaintiff was granted leave for expedited discovery to serve subpoenas on the Defendants' ISPs requesting client subscriber identifying information.

John Doe 45 has now moved to quash the subpoena and to vacate the Order, as well as to sever from the case.

Federal Rule of Civil Procedure 45(c)(3) governs the quashing of subpoenas. It provides that a court shall quash or modify a subpoena where the subpoena: (1) fails to allow a reasonable time for compliance, (2) requires a non-party to travel more than 100 miles (with some exceptions), (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden. Fed. R. Civ. P 45(c)(3)(A). A movant has standing to quash a subpoena served upon a third party where "the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). Furthermore, the movant carries the burden of meeting Rule 45's requirements. *See Pacific Century Int'l, Ltd. v. Does 1-7*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). As with other discovery issues, whether to grant a motion to quash is within the sound discretion of the district court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir.1992).

In his Motion, John Doe 45 recounts Plaintiff's multiple filings and argues that Plaintiff is trying to improperly leverage a settlement. As another court in this district recently noted, arguing that a plaintiff is trying to extort a settlement is not a reason to quash a subpoena or vacate an order for expedited discovery. *See Zambezia Film Pty, Ltd. v. Does 1-65*, No. 13 C 1321, 2013 WL 4600385, at *3 (Aug. 29, 2013) (St. Eve, J.). Likewise, courts have rejected the argument that the subpoenaed information may not identify the actual infringer, noting that Rule 26(b)(1) has a broad definition of relevance. *See id.* (collecting cases). Thus, John Doe 45 has not met his burden to quash the subpoena.

As part of his Motion, John Doe 45 also requests that he be severed from the case on the basis that the time period for the alleged "swarm" is too long for joinder. John Doe 45 argues that the swarm he is alleged to be part of covers a period between December 5 and December 13, 2012, while the entire swarm is alleged to have started on October 2, 2012 and lasted through December 31, 2012.

Fed. R. Civ. P. 20(a)(2) permits defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." There is a split of authority in this district as to whether Rule 20(a)(2) permits joinder where plaintiff has alleged that the defendants participated in the infringement over a period of time, or whether the plaintiff must allege that the defendants were part of the same swarm at the same time. *See Zambezia*, 2013 WL 46000385, at *4 (discussing split of authority and holding that there were sufficient allegations of "aggregate conduct" to fulfill Rule 20(a)(2)); *see also reFX Audio Software, Inc. v. Does 1–111*, No. 13 C 1795, 2013 WL 3867656, at *3 (N.D. Ill. July 23, 2013) ("the argument that joinder is proper only if defendants participated in the same swarm at the same time . . . ignores the fact that permissive joinder under Rule 20(a) does not require that defendants act in concert with each other . . . . Rule 20 is satisfied if defendants indirectly interact with one another through participation in a single swarm."); *but see, Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar.7, 2013) ("Where a swarm

continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data").

In this case, Plaintiff has sufficiently alleged that all the Doe Defendants participated in the alleged copyright infringement to satisfy Rule 20(a)(2)'s requirement of the same transaction or series of transactions. *See reFX Audio Software*, 2013 WL 3867656, at \*3. As Plaintiff argues, it is feasible that an infringer would keep downloaded files on his computer that could be accessible on BitTorrent for months. Therefore, joinder is proper. John Doe 45's Motion to Quash and Sever is denied.

However, John Doe 45 and the other Doe Defendants are granted leave to proceed anonymously. As Judge Gottschall recently noted in *Thompson Film, LLC v. Does 1-60*, No. 13 C 2368, 2013 WL 4805021 (N.D. Ill. Sept. 6, 2013), it is prudent "to allow defendants to proceed by pseudonym in copyright infringement proceedings, given the 'substantial possibility that the names turned over by ISPs will not accurately identify the individuals who actually downloaded or shared the copyrighted material.'" *Id.* at \*3 (quoting *TCYK, LLC v. Does 1–87*, No. 13 C 3845, 2013 WL 3465186, at \*4 (N.D. Ill. July 10, 2013). As such, Plaintiff is prohibited from publishing the Doe Defendants' identities without leave of court, including naming them in any pleadings.

Furthermore, the Court's March 28, 2013 Order is modified to the effect that Plaintiff may only seek in its subpoenas the identity and mailing address of the IP account holder; Plaintiff may not request the telephone numbers or email addresses of those account holders or contact them through those means. This modification will limit the danger of harassing the account holders for improper settlements, while permitting Plaintiff to investigate the alleged infringement. To the extent that Plaintiff has already received any information prohibited by this Order, Plaintiff must dispose of that information and may not utilize it. Likewise, as with all adversarial proceedings, Plaintiff must communicate with Doe Defendants through counsel, if they have legal representation.

Date: October 10, 2013

_____
JOHN W. DARRAH
United States District Court Judge

3