IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ZAMBEZIA FILM (PTY) LTD., <br> A South African Corporation | ) <br> ) <br> ) | |
| *Plaintiff*, | ) <br> ) | Case No. 13-cv-1724 |
| v. | ) | |
| John Does 32, 36, 53, et al. <br> Illinois Residents, | ) <br> ) <br> ) | |
| *Defendants* | ) | |

# MOTION FOR DEFAULT

Plaintiff, Zambezia Film, by and through its attorney Matthew Lee Stone of the law firm Schneider & Stone, LLP, for its motion for a Default Judgment, including damages, attorney fees and costs and a permanent injunction against defendants John Does 32, 36, and 53 ("Default Defendants"), states as follows:

BACKGROUND

1. Plaintiff brought claims against a number of John Doe Defendants. Plaintiff was then granted leave to issue subpoenas to the Defendants' internet service providers ("ISPs") for the purpose of identifying the John Doe defendants by name and address.

2. Those John Doe defendants whom could not be identified were dismissed. Plaintiff attempted service of process on those Defendants who could be identified.

3. Plaintiff is in possession of the name and address of all of the Default Defendants. Pursuant to prior Court Order, Plaintiff has referred to the Default Defendants as "John Does" in this Motion.

4. The Default Defendants were each positively identified by their ISPs and successfully served by special process servers.

5. Affidavits of Service for each defendant are attached as an Exhibit to Plaintiff's Motion for Default. Plaintiff also has Affidavits of Service for the same Defendants which bear the Defendants' names. Plaintiff can file those Affidavits if the Court so orders.

6. The Default Defendants were served on the following dates:

- Doe 32 on December 7, 2013.

- Doe 36 on December 8, 2013

- Doe 53 on December 7, 2013.

DEFENDANTS ARE IN DEFAULT

7. The Default Defendants have each failed to file an Appearance or any responsive pleading at this time.

8. As this Motion has been filed more than 21 days after each Defendant was served, those Defendants are in default.

9. On information and belief, the Default Defendants are not in the military or subject to the Service Members Civil Relief Act, 50 USC § 521. Plaintiff is unable to obtain a certificate from https://www.dmdc.osd.mil/appj/scra/single_record.xhtml because Plaintiff does not have the Default Defendants' dates of birth or social security numbers.

10. Plaintiff's counsel has received telephone calls from certain defendants related to copyright infringement suits filed on behalf of Plaintiff. Plaintiff's counsel

was contacted by John Doe 62 on October 25 and October 28, 2013 by telephone but has received no follow up communication.

11. Plaintiff's counsel is not always able to obtain identifying information from defendants when they contact his office, however Plaintiff does make an effort to track such communications. Other than those communications described above, Plaintiff does not have any record of contact from any of the Default Defendants.

DEFAULT JUDGMENT

12. In its Amended Complaint, Plaintiff alleges that is owns the rights in a protected work (the "Motion Picture") and has the exclusive right to distribute the work. *Id.,* ¶¶ 57-58, 65.

13. Plaintiff also alleged the defendant willfully and intentionally copied and distributed plaintiff's protected work without right and induced third parties to do the same via the Bit Torrent file sharing software. *Id.,* ¶¶ 59-60, 66-68.

14. Plaintiff also specifically requested statutory damages pursuant to 17 U.S.C. § 504, attorney's fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. ¶¶ 61-62, 69-70.

15. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012)

16. As such, the allegations of Plaintiff's Amended Complaint are deemed true and proven.

17. "To prevail on a copyright infringement claim, a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 US 340 (1991).

18. "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it. Although the Copyright Act does not expressly render anyone liable for infringement committed by another, these doctrines of secondary liability emerged from common law principles and are well established in the law." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 US 913, 930 (2005) [*citations omitted*].

19. As stated above, the Amended Complaint sets forth the allegations necessary for the Court to enter a Judgment for Direct Copyright Infringement (Count I) under *Feist* and Contributory Copyright Infringement (Count II) under *Grokster*.

20. Further, the Amended Complaint sets forth the allegations necessary for the Court to find that Plaintiffs actions were willful as contemplated by 17 USC 504(c)(2), concerning elevated statutory damages from copyright infringement.

21. Defendant committed blatant and unabashed infringement of Plaintiff's copyrighted Work. Proof of defendant's culpability is clearly established through the pleadings.

22. Given his willful failure to appear in this action, defendant has not presented a single piece of evidence to rebut plaintiff's allegations. Defendant has failed to come forth with any viable defenses or assert even a solitary good faith justification for his

conduct in response to the claims of the Amended Complaint. Such inaction supports the merits of this action.

STATUTORY DAMAGES AWARD IS PROPER

23. An award of up to $150,000 under 17 504(c)(2) is proper because Defendant's conduct should be found wilful as a matter of law by the Court's finding of default.

24. In copyright infringement cases a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a). While the Seventh Circuit does not appear to have specifically ruled on the issue, the statutory language has been found unambiguous in other districts that Plaintiff may elect statutory damages without regard to the facts of actual damages. "[S]tatutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S.Ct. 2405 (2010); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). "The statutory language is plain and unambiguous. Plaintiffs may elect statutory damages in lieu of actual damages at any time before final judgment." *Seoul Broadcasting System Intern., Inc. v. John Him Sang*, 754 F.Supp.2d 562, 566 (E.D.N.Y. 2010).

25. The United States Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

26. In the present matter, the fact that this is a filing for default makes statutory damages the preferable avenue because fact questions concerning actual damages would not be taken as true.

27. Plaintiff seeks statutory damages pursuant to 17 U.S.C. § 504(c)(2) derived from defendant's willful infringement. Defendant knew that their conduct constituted willful infringement based on the allegations of the Amended Complaint.

28. As is discussed throughout the Complaint, Defendant's actions on the BitTorrent file sharing platform present a real danger to Plaintiff's ability to successfully market its products. One upload to BitTorrent by an infringer can lead literally thousands of co-infringers to view pirated copies of Plaintiff's work, thereby seriously compromising the economic viability of Plaintiff's Motion Picture.

29. Further, while Plaintiff might normally be permitted to conduct further discovery to ascertain the full scope of the damages at issue in this case, the Default Defendants have intentionally foreclosed such opportunity making an elevates statutory sum proper.

30. For the court to deny elevated statutory damages due to the Default Defendants' willful infringement in this case would negate the specific intent of the Statute that such damages should deter others, perpetuating the notion that online theft is as much a right as many parties seem to believe it is.

31. Given past precedent in similar cases, Plaintiff is mindful that awarding $150,000 per defendant has not been the practice in the Northern District. As discussed above, an award greater than minimum damages is warranted due to the Default Defendant's intentional conduct. The Court should award an amount

sufficient to serve as a deterrent from future conduct and reflective of the number of downloads and uploads in the Bit Torrent community which are not prosecuted.

32. Given these considerations, Plaintiffs submit that an award of $10,000 per offense listed in the Complaint is appropriate. Thus Doe 60/65 would be liable for $20,000 and the remaining Default Defendants would each be liable for $10,000.

INJUNCTIVE RELIEF IS PROPER

33. Plaintiff seeks injunctive relief against Default Defendants in order to prevent continued infringement.

34. Plaintiff has sought and is entitled to an injunction pursuant to 17 U.S.C. § 501, et seq., enjoining defendant from infringing its works.

35. 17 U.S.C. § 502(a) authorizes an injunction to "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Default Defendants by default have admitted to the willful conduct in this case, likely possess the means to continue infringement in the future, and should found liable for infringement in the instant action by default, meeting the court's requirements for issuing such an injunction.

36. Therefore, Plaintiff is entitled to and requests the injunctive relief prayed for in the Amended Complaint.

ATTORNEY'S FEES AND COSTS ARE PROPER

37. Plaintiff seeks costs and attorney fees under 17 U.S.C. § 505, an award which proper and within the Court's discretion. Plaintiff seeks costs and attorney's fees as described below from each Defendant.

38. In this matter, Plaintiff positively identified 12 Doe defendants. Plaintiff's filing fee to file the case was $350. Plaintiff seeks $30 from each Doe Defendant as a pro rata portion of the filing fee.

39. Service varies in pricing due to the Defendants' locations. The cost of service was:

- Doe 32: $85.00.

- Doe 36: $70.00

- Doe 53: $70.00

40. Costs related to the subpoenas are subject to a confidential fee agreement between Plaintiff and the various ISPs. However, Plaintiff requests $50 per defendant, with duplicate costs for duplicate defendants, which is less than the pro-rata cost of identifying the John Doe Defendants, and less than or equal to the cost of positively identifying each of the Default Defendants.

41. Plaintiff therefore requests costs of

- Doe 32: $165.00.

- Doe 36: $150.00

- Doe 53: $150.00

42. Plaintiff further requests $4312.50 in attorney fees for attorney and paralegal work on this matter. Attorney fees total $3500; paralegal fees total $812.50. The fees are calculated at a rate of $350 per hour for attorney time and $125 per hour for paralegal time and are calculated based on the following itemization:

ATTORNEY TIME

- 4.0 hours, at one hour per appearance for four attorney court appearances and preparation of notes for the same
- 4.0 hours for initial preparation of the Complaint, Motion to Perform Service Prior to Rule 26 conference, and completion of preliminary due diligence on Plaintiff's claims by attorney.
- 1.0 hours for review of subpoenas and summonses produced by paralegal
- 1.0 hours for preparation of this Motion for Default by attorney

PARALEGAL TIME

- 2.0 hours for creations of subpoenas to ISPs and summonses
- 1.5 hours for monitoring of summons status
- 1.5 hours of record keeping for paralegal managing defendant statuses and special process server status
- 1.5 hours of document preparation for paralegal related to initial drafting of Complaint

43. District courts consider various non-exclusive factors when awarding attorney's fees including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 1033 n. 19 (1994), see also *Gonzales v. Transfer Technologies, Inc.*, 301 F.3d 608 (7th Cir. 2002).

44. In the present case, Plaintiff's success is complete. The claims as deemed fully admitted are not frivolous. The motivation of the plaintiff is to enforce its rights

as it is active in the industry with ongoing and future releases. And there is an express intent of the statute for costs and fees for the infringement such as conducted by the Default Defendant.

45. While the time on this case as a whole is far in excess of that submitted, attorney fees sought have been limited to account for the reduced number of Default Defendants relative to those original named as John Does and those named in the Amended Complaint.

CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court enter a judgment against the Default Defendants as prayed for in the complaint, including:

A. For entry of permanent injunction enjoining defendant from using the internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture.

B. For statutory damages pursuant to 17 U.S.C. § 504 in the amount of $10,000 per documented offense.

C. For plaintiff's reasonable attorney fees and costs from each defendant as described above pursuant to 17 U.S.C. § 505.

D. All such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew Lee Stone /s/

                                                    One of Attorneys for Plaintiff

Matthew Lee Stone
**SCHNEIDER & STONE**
8424 Skokie Blvd (Suite 200)
Skokie, Illinois 60077
ARDC # 6297720
Office: (847) 933 – 9531
Fax: (847) 676-2676